FILED
SUPERIOR COURT
OF GUAM

2014 AUG 22 PM 3: 52

CLERK OF COURT
BY_____

## IN THE SUPERIOR COURT OF GUAM

FRANK MUNA SANTOS, JR., )
                   )    **DOMESTIC CASE NO. DM0028-14**
       Plaintiff, )
                   )    **DECISION AND ORDER**
    vs. )
                   )
KAY FRANCIS RIVERA YAMASHITA, )
                   )
       Defendant. )
_____ )

### INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiff Frank Muna Santos, Jr.'s motion to dismiss counterclaim, filed April 23, 2014. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

On January 14, 2014, Plaintiff filed a complaint for custody and child support against Defendant. Defendant filed an answer and counterclaim on April 3, 2014. In her counterclaim, Defendant alleges that Plaintiff is not the biological father of the subject minor (having the initials A.J.Y.S. and birthdate of May 10, 2009; hereinafter "AJYS"), and Defendant requests that a DNA paternity test for Plaintiff and AJYS be conducted to determine the child's paternity. (Answer & Counterclaim, 2, Apr. 3, 2014). In the event that a paternity test determines that Plaintiff is not the biological father of the child, Defendant requests that the birth certificate of the child be changed to reflect that Plaintiff is not the father and that Defendant be awarded the sole physical and legal custody of AJYS. *Id.* at 4.

On April 23, 2014, Plaintiff filed a motion to dismiss Defendant's counterclaim. Plaintiff argues that Defendant's counterclaim should be dismissed pursuant the Rule 12(b)(6) of the Guam Rules of Civil procedure because it does not state a claim upon which relief can be granted. (Mot. Dismiss, 1, Apr. 23, 2014). Plaintiff contends that Defendant recognized the paternity of Defendant on the following occasions: (1) Defendant signed a Declaration of Paternity that resulted in Plaintiff's name being on the birth certificate of AJYS; (2) Defendant signed a Consent to Guardianship in which Defendant acknowledged that Plaintiff and Defendant were the natural mother and father of AJYS; and (3) Defendant executed a Custody and Child Support Agreement with Plaintiff in which Defendant stated that Plaintiff and Defendant were the natural mother and father of AJYS. (Decl. of Frank Muna Santos, Jr., Exhibit A, C, and D, Apr. 23, 2014). Furthermore, Plaintiff asserts that Defendant fails to allege who she claims is the biological father of AJYS, that Guam law favors children being legitimatized, and that Defendant is bared from challenging a voluntary acknowledgement of paternity pursuant to 5 GCA § 34119.3. (Mot. Dismiss, 1-3, Apr. 23, 2014).

On May 21, 2014, Defendant filed an opposition. Defendant argues that Defendant is not required to show who the biological father of AYYS is and that Defendant should not be barred from challenging paternity under Guam law. (Opp'n Mot., 1-3, May 21, 2014).

On June 4, 2014, Plaintiff filed a reply. Plaintiff disputes Defendant's notion that Defendant need not assert who may be the biological father of AJYS. (Reply, 1-3, Jun. 4, 2014).

## DISCUSSION

### I. Motion to Dismiss

Under Guam R. Civ. P. 12(b)(6), a claim may be dismissed where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Core Tech Intn'l Corp. v. Hanil Engineering & Const. Co., Ltd.*, 2010 Guam 13 ¶ 52 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order to dismiss a claim pursuant to Rule 12(b)(6), a court must review the pleading in the light most favorable to the

non-movant, accept its material allegations of fact as true, and resolve any doubts in favor of the non-movant. *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9.

A complaint that is attacked under Guam R. Civ. P. 12(b)(6), "need not contain detailed factual allegations, [but] a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Core Tech*, 2010 Guam 13 ¶ 52 (quoting *Twombly*, 550 U.S. at 555). Guam R. Civ. P. 12(b)(6) was adopted from Fed. R. Civ. P. 12(b)(6) and a federal court's interpretation of the analogous federal rule is persuasive authority. Guam R. Civ. P. 12(b)(6); *see also Sananap v. Cyfred, Ltd.*, 2011 Guam 21 ¶ 24 n. 13; *Pelowski v. Taitano*, 2000 Guam 34 ¶ 12. The U.S. Supreme Court holds the following regarding how substantive a pleading must be to survive a Civil Procedure Rule 12(b)(6) motion:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.' In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

Pursuant to Guam R. Civ. P. 8(a), a complaint shall contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Guam R. Civ. P. 8(a). The U.S. Supreme Court explains that:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

*Iqbal*, 556 U.S. at 678 (citations omitted).

The Court goes on to explain: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* (citations omitted).

In this case, Plaintiff filed a motion to dismiss Defendant's counterclaim. In the counterclaim, Defendant challenges the biological paternity of Plaintiff over AJYS and wants a DNA paternity test performed to determine paternal rights. (Answer & Counterclaim, 2, Apr. 3, 2014). In the event that Plaintiff is not AJYS' biological father, Defendant requests a change of AJYS' name, a change to AJYS' birth certificate removing the reference to Plaintiff as her father, and that Defendant be awarded sole legal and physical custody of AJYS. (Opp'n Mot., 1-3, May 21, 2014). Defendant claims a voluntary acknowledgement of paternity was executed where Defendant was granted paternity over AJYS. (Mot. Dismiss, 1-3, Apr. 23, 2014).

## II.    Voluntary Acknowledgement of Paternity

Under Guam law, voluntary acknowledgement of paternity is governed by 5 GCA § 34119.3. It provides that the "court and office of child support hearings of Guam shall give full faith and credit to affidavits for the voluntary acknowledgement of paternity signed in any state or territory and these affidavits shall constitute legal findings of paternity, subject to Subsections (a) and (b) of this § 34119.3." 5 GCA § 34119.3(c) (2013). In this case, Defendant submitted a notarized Office of the Attorney General of Guam's Declaration of Paternity. (Decl. of Frank Muna Santos, Jr., Exhibit A, Apr. 23, 2014). The purpose of the document, as described therein, "establishes the father and child relationship when the father is not married to the child's mother." *Id.* The document is signed by Plaintiff and Defendant and both their signatures are notarized. *Id.* Thus, the Court shall recognize the document as a voluntary acknowledgement of paternity that constitutes a legal finding of paternity. 5 GCA § 34119.3(c) (2013).

A voluntary acknowledgement of paternity has the same force and effect as a Superior Court judgment. 5 GCA § 34119.3(a) (2013). It is subject to the "right of any signatory to

rescind the acknowledgment within sixty (60) days of his signature or before the initiation of an administrative or judicial proceeding relating to the child, including a proceeding to establish a support order, to which the signatory is a party, whichever is sooner." *Id*. The Declaration of Penalty was executed on May 15, 2009. (Decl. of Frank Muna Santos, Jr., Exhibit A, Apr. 23, 2014). The acknowledgement was not rescinded within sixty (60) days and the Court is not aware of any judicial proceeding having occurred within 60 days of the execution of the Declaration of Paternity, other than the consent to guardianship in juvenile special proceeding case no. JP 0438-09, which would have rescinded the acknowledgment. 5 GCA § 34119.3(a) (2013). Therefore, the voluntary acknowledgement of paternity is still in effect.

"Following the sixty (60) day period referred to in Subsection (a) of this § 34119.3, a signed voluntary acknowledgment of paternity may be challenged in Court only on the basis of fraud, duress or material mistake of fact, with the burden of proof on the challenger." 5 GCA § 34119.3(b) (2013). Defendant argues that a DNA test is required to determine "[w]hether Plaintiff's paternity is a mistake of fact." (Opp'n Mot., 2, May 21, 2014). Under the wording of the statute, it is the burden of the challenger – Defendant -- to show that there was a material mistake of fact. 5 GCA § 34119.3(b) (2013). Defendant has not met her burden in this case. *Id*. The Court is unable to revoke the voluntary acknowledgement of paternity and grant Defendant the relief she seeks on a potential mistake of fact unproven by Defendant.

In opposition to the motion to dismiss, Defendant also argues that judgments may be set aside under the Guam Rules of Civil Procedure. (Opp'n Mot., 2, May 21, 2014). However, Defendant fails to discuss what rule or rules would apply to this case to overturn the voluntary acknowledgement of paternity. *See Lamb v. Hoffman*, 2008 Guam 2 ¶ 35 ("It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.").

Because Defendant failed to meet her burden in challenging the voluntary acknowledgment of paternity, a DNA paternity test to determine whether Plaintiff is the biological father is not appropriate in this matter. In her counterclaim, Defendant alleges that

Plaintiff is not AJYS' biological father. (Answer & Counterclaim, 2, Apr. 3, 2014). However, Defendant fails to show how Plaintiff not being the biological father negates the voluntary acknowledgement of paternity that was executed between the parties or how it would be grounds to warrant her sole custody of AJYS. *See Lamb*, 2008 Guam 2 ¶ 35. Absent this, the Court is unable to find that Defendant has articulated a cause of action that recognizes the administration of a DNA paternity test, and the award of custody. For this reason, Plaintiff's motion to dismiss Defendant's counterclaim is granted.

It bears noting that Defendant waived the right to a DNA paternity test to prove that Plaintiff is the biological father of AJYS in the Declaration of Paternity executed by Plaintiff and Defendant on May 15, 2009. (Decl. of Frank Muna Santos, Jr., Exhibit A, Apr. 23, 2014). By signing the Declaration of Paternity, Defendant waived the right to (1) a hearing to determine if the man is he biological father of the child; (2) have blood or genetic testing to prove that Plaintiff is he biological father of AJYS; and (3) to have a lawyer represent them to fight paternity. *Id*. Defendant had 60 days to revoke the declaration, but failed to do so. *Id*.

In addition, the matter of Plaintiff's paternity is not exclusively dispositive upon the question of the custody of the minor child, which is, after all, the primary issue in both the complaint and the counterclaim. Title 19 GCA § 8404(1) states in pertinent part:

> In … any other proceeding where there is at issue a dispute as to the custody of a minor child, the court may, during the minority of the child, make such order for the custody of such minor child as may seem necessary or proper. In awarding the custody, the court is to be guided by the following standards, considerations and procedures: … (b) Custody may be awarded to persons other than the father or mother whenever such award serves the best interest of the child. Any person who has had de facto custody of the child in a stable and wholesome home and is a fit and proper person shall prima facie be entitled to an award of custody.

*19 GCA § 8404(1) (2013)*.

In other words, even if Plaintiff is not the natural father of AJYS, he would not be precluded from being awarded custody of the child for that reason alone, according to Guam law. Much more important is the duration and nature of the relationship between a daughter and her father or father figure as it would impact upon that child's best interests.

Having found that Defendant's counterclaim seeks a form of relief not cognizable under

Guam law, any amendment to the complaint is futile, and thus leave to amend the counterclaim shall not be awarded to Defendant. *See Arashi & Co., Inc. v. Nakashima Enterprises, Inc.*, 2005 Guam 21 ¶ 16 (finding that leave to amend may be denied in circumstances where amendment would be futile).

///

///

///

## CONCLUSION

Based upon the foregoing, Plaintiff's motion to dismiss is hereby GRANTED.

**SO ORDERED** this ____22ND____ day of August, 2014.

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**